## Renckley v. Wisecarver.

*Verdict—Excessive.*

1. A verdict is not excessive where it does not exceed the damages disclosed by plaintiff's evidence, if believed by the jury.

*Landlord and tenant—Lease—Notice to terminate—Eviction—Damages.*

2. In an action for damages for unlawful eviction of plaintiff from leased premises, it is not error to charge that if no notice was given by defendant of his intention to terminate the lease, plaintiff was entitled to damages for injury done to his property by reason of its removal by defendant.

*New trial—After-discovered evidence.*

3. A new trial on the ground of after-discovered evidence will not be granted where the proposed new testimony is such as might have been produced at the trial by the exercise of reasonable diligence.

*Trial—Admissions in pleadings—Reading to jury.*

4. Admissions in pleadings may be read to the jury.

Trespass for wrongful eviction from leased premises. Motion for new trial. C. P. Greene Co., June T., 1920, No. 111.

*Harry Huffman*, for plaintiff; *T. H. Shannon*, for defendant.

SAYERS, P. J., May 16, 1927.—This case was tried Dec. 8, 1924, before J. W. Ray, President Judge of Greene County at the time. A verdict was rendered Dec. 10, 1924, for plaintiff and against defendant in the sum of $900. A motion for a new trial was filed by defendant Dec. 12, 1924, alleging, as reasons therefor, that: (1) the verdict under the evidence is excessive; (2) the verdict is contrary to the weight of the evidence; (3) the court erred in permitting plaintiff's attorney to read to the jury paragraphs one, two and four, or any other paragraphs of plaintiff's statement of claim; (4) the court erred in its charge to the jury in permitting them to determine whether or not the renting of defendant's house to plaintiff was a renting by the month or by the year.

An additional reason for new trial was filed Oct. 27, 1925, setting forth that "after the trial and the return of the verdict by the jury, she discovered the following evidence which she believes would have been sufficient to have changed the verdict of the jury; that this information came to her after the trial of the case, and she had no way or means of knowing the same before the trial, which is as follows:

"That M. D. Wood, a drayman, who resides in Waynesburg, Pennsylvania, was employed by the plaintiff to move his household goods into the property of defendant; that Mr. Wood moved same in one load in two small trucks of one-ton capacity.

"Defendant will be able to show by this witness that the furniture was inexpensive and showed considerable wear and abuse at the time same was handled by Mr. Wood; that the value of the goods moved by Mr. Wood for the plaintiff, and which were the basis of the damage awarded by the jury in favor of the plaintiff against the defendant in the above-styled case, would, on a fair estimate, not exceed $600."

This matter was called for argument, after the present incumbent became judge, at least three times, and finally the court took the papers without oral argument. At that time, Nov. 1, 1926, the court supposed that the testimony filed included the exhibits offered in evidence and the charge of the court.

On examining the papers, the court discovered that no exhibits were copied and no charge of the court was attached to the testimony and record. The

present court, in the meantime, had appointed a new stenographer because of the unnecessary delay in transcribing records and general indifference of the stenographer who took the testimony in this case, and other cases, to the needs and requirements of the court. The court was not able to get a transcript of this charge until April 9, 1927, when the stenographer furnished the charge, attached to the testimony, to the court.

The court has examined the evidence and charge of the court and the reasons for new trial as filed.

We have concluded, under the circumstances and facts disclosed by the evidence, that the verdict was neither excessive nor contrary to the weight of the evidence. The evidence disclosed negligence, carelessness and a disregard of plaintiff's rights by the defendant and her agents that would warrant the finding of punitive damages on the ground of wanton and malicious injuries; even if this were not so, the amount of the verdict is not in excess of the damages disclosed by the evidence of plaintiff's witnesses, if believed by the jury. The court rightfully charged, as set up in the third point, that, "under the evidence in this case, the plaintiff is entitled to recover for all the losses he actually sustained or which he will necessarily sustain under the circumstances as a result of the unlawful eviction," because the evidence disclosed that the eviction was unlawful.

The court rightfully charged the jury on the subject of eviction as follows: "Whether the contract under which they were operating was a contract from year to year, as seems to be indicated by the written agreement, or whether it was a contract by the month, as seems to be inferred by the views taken by the lessee, is uncertain. But, in either case, if it were a contract from year to year, then, in order to secure a legal removal of the defendant from the leased premises, it would be necessary to give three months' notice of such intention, the desire of the lessor to repossess the property leased. If it were only a lease by the month, then one month's notice would be required. And, as we understand from the testimony, no notice whatever was given of the intention to oust the plaintiff in this case from possession of the property. We think the lessor was not justified in evicting the lessee in the way it was done. And that being true, then we say to you as a matter of law that whatever damages was actually done, and this suit has been brought for whatever damage was actually done to the property of the lessee in this building by the removal of it by Mrs. Wisecarver, or her agents, that to that extent she would be responsible in damages to the plaintiff in this case."

There is no merit in the additional reason for a new trial which sets up after-discovered evidence. The action in this case was brought May 19, 1920, and the case was tried Dec. 8, 1924. M. D. Wood was the drayman mentioned as the additional witness from whom evidence would be produced to show that the furniture and goods belonging to the plaintiff had been moved by Mr. Wood presumably in August, 1918, and that, in his opinion, the goods were then worth about $600.

During all these years Mr. Wood lived in Waynesburg and the defendant knew that he was the man who had hauled plaintiff's goods and property to the house which plaintiff leased from defendant, and defendant also knew that Mr. Wood resided in Waynesburg, was within easy reach of the court-house at any time, and that, under the circumstances of this case, it would have been the most natural thing in the world to have interviewed Mr. Wood with regard to the subject-matter. Reason and common sense would immediately point to him as a witness who would or should know something about the plaintiff's goods and their value.

Renckley *v.* Wisecarver.

The defendant testifies in her depositions taken on Dec. 5, 1924, that she knew, and consequently her attorney knew, at that time, that M. D. Wood had moved the plaintiff's furniture into the leased premises, and she and her attorney knew then and could, in all probability, have subpœnaed and obtained the testimony of M. D. Wood during the progress of the trial of the case. Apparently they had not made any effort to interview him and discover what his testimony would be. The testimony of the plaintiff at page 23 indicates that Mr. Wood did not haul all the furniture to the leased premises, and it also shows that some furniture and goods were purchased after plaintiff originally moved into the house. The testimony, if we admit that it might have reduced the amount of the verdict, could have been produced at the trial by the exercise of due and reasonable diligence. That is what the law requires: Turnbull *v.* O'Hara, 4 Yeates, 446; Marsh *v.* Moser, 1 Woodward, 218; Reisch *v.* Furst, 27 Pa. C. C. Reps. 40; Gardner *v.* Hookey, 18 Lanc. Law Rev. 326; Com. *v.* Albert, 16 Dist. R. 759; First Nat. Bank *v.* Delone, 254 Pa. 409, 415; Goldstein *v.* E. Fallowfield Twp., 43 Pa. Superior Ct. 158, 167.

The evidence discloses that only paragraphs one and three of plaintiff's statement were read to the jury, and not paragraphs two and four, as alleged in the fourth reason for a new trial. It was proper to read them to the jury as admissions that were not denied in the affidavit of defence.

No exception was taken by defendant to the charge of the court and consequently the fourth reason for a new trial would fail. That part of the charge assigned for error in the fourth reason for new trial was entirely proper under all the evidence in the case.

*Order.*—And now, May 16, 1927, the motion for new trial is refused for the reasons above set forth, and the rule therefor discharged at defendant's cost.

From S. M. Williamson, Waynesburg, Pa.